Timothy A. AGUILAR, Appellant,

v.

Donald CHASTAIN, Appellee.

No. 12–95–00080–CV.

Court of Appeals of Texas, Tyler.

April 30, 1996.

Rehearing Overruled June 11, 1996.

---

Timothy Aguilar, pro se.

David Ashmore, for appellee.

Before RAMEY, HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Timothy A. Aguilar ("Appellant") appeals the dismissal of his *pro se in forma pauperis* civil inmate suit. Appellant raises six points of error. We will affirm the judgment.

Pursuant to Texas Rule of Civil Procedure 145, Appellant filed an affidavit of inability to pay costs, and thereafter, filed his Original Petition *pro se* and *in forma pauperis*. In his petition, Appellant, an inmate in the Coffield Unit of the Texas Department of Criminal Justice, Institutional Division ("TDCJ–ID"), sought recovery for various constitutional and statutory violations. Appellant alleged that Donald Chastain ("Appellee") was a laundry manager of the Coffield Unit and was responsible for the issuance and collection of "necessity items," *e.g.*, sheets, towels, inmate clothing. On October 24, 1995, Appellee conducted a "shakedown" to determine whether any prisoners possessed unauthorized amounts of necessity items. Appellant alleged that, during this search, Appellee unlocked Appellant's legal black box by means of a unit pass key; withdrew certain legal pleadings and materials; confiscated pens used to draft legal pleadings;[1] and

---

**1.** Appellant is a "writ writer" who prepares legal papers on his own and for others in the prison system.

proceeded to read, crumple, mutilate, and detach pages of such pleadings from a finished copy. Appellant further alleged that Appellee damaged Appellant's pleading in retaliation for Appellant's participation in the federal court proceeding of another inmate.

Appellant brought his *pro se in forma pauperis* suit against Appellee pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fourteenth Amendment rights; the Texas Tort Claims Act, alleging damage and destruction of property; and Texas Penal Code sections 39.01, 39.02, and 39.021, alleging that Appellee violated such sections by abusing his official capacity and violating the civil rights of a person in custody. On March 6, 1995, Appellee filed a motion to dismiss under section 13.001 of the Texas Civil Practice & Remedies Code, arguing that Appellant's suit was frivolous because there was no arguable basis in law or in fact. On March 15, 1995, the trial court granted Appellee's motion without a hearing.

In his first point of error, Appellant complains that the court abused its discretion by summarily dismissing his suit without a hearing to determine if Appellant had an arguable basis for his claim in law and in fact.

■ By filing a lawsuit *in forma pauperis* pursuant to Texas Rule of Civil Procedure 145, a litigant subjects his claim to dismissal by the trial court on a finding that the action is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a)(2) (Vernon Supp. 1996). A trial court has broad discretion to determine whether an *in forma pauperis* suit should be dismissed. *Kendrick v. Lynaugh*, 804 S.W.2d 153, 155 (Tex.App.—Houston [14th Dist.] 1990, no writ). "In determining whether an action is frivolous or malicious, the court may consider whether the action's realistic chance of ultimate success is slight or whether the claim has no arguable basis in law or fact." TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b) (Vernon Supp.1996). An appellate court reviews a trial court's dismissal under section 13.001 for an abuse of discretion. *Spellmon v. Sweeney*, 819 S.W.2d 206, 211 (Tex.App.—Waco 1991, no writ). A court abuses its discretion when it acts without reference to any guiding principles. *Id.* (*citing Craddock v. Sunshine Bus Lines*, 134

Tex. 388, 133 S.W.2d 124, 126 (1939)). Therefore, an appellate court reviews the decision of the trial court to determine whether the trial court abused its discretion or acted arbitrarily or unreasonably. *Pedraza v. Tibbs*, 826 S.W.2d 695 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). Trial courts have broad discretion in suits of this type for several reasons, including a prisoner's strong incentive and no disincentive to litigate, the government bears the costs of *in forma pauperis* suits, sanctions are ineffective, and the benefits of fewer unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *Kendrick*, 804 S.W.2d at 155 (*citing Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986)).

We review Appellant's claims to determine if the trial court abused its discretion in impliedly finding Appellant's claims' realistic chance of ultimate success was slight or that Appellant's claims had no arguable basis in law or in fact.

Initially, Appellant claims that he has suffered a deprivation of constitutional rights actionable under 42 U.S.C. § 1983. Specifically, Appellant claims that Appellee, acting under color of state law, deprived him of due process rights, the right of access to the courts, and freedom from retaliation. In order to state a claim under section 1983, a litigant must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983 (1994). Assuming that Appellee, as a state employee, was acting under color of state law, we do not agree that Appellee deprived Appellant of a right, privilege, or immunity of constitutional significance.

■ Appellant claims a deprivation of his right to due process after Appellee allegedly destroyed some of his personal property during the shakedown of Appellant's cell. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. CONST. amend. XIV. However, a state prison offi-

cial's negligent act that causes unintended loss of property does not implicate the due process clause. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Likewise, a prison official's unauthorized intentional act that deprives an inmate of property is not a constitutional violation if there exists an adequate post-deprivation remedy. *Hudson v. Palmer,* 468 U.S. 517, 535, 104 S.Ct. 3194, 3204–05, 82 L.Ed.2d 393 (1984). The Legislature has provided an administrative remedy to pay inmates' claims for property lost or damaged by the Department of Corrections. *See* TEX.GOV.CODE §§ 501.007, 501.008 (Vernon Supp.1996). Accordingly, we conclude Appellant's due process claim had no arguable basis in law.

▬ Next, Appellant claims that Appellee violated his First Amendment right of access to the courts. An inmate's right of meaningful access to the courts is a fundamental constitutional right that places certain obligations on the part of prison and jail authorities to assist inmates in presenting their claims. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). However, a litigant must demonstrate actual injury. *Mann v. Smith,* 796 F.2d 79, 84 n. 5 (5th Cir.1986). In order to state a denial of access to the courts claim, a prisoner must allege at least some legal prejudice as the result of the purported violative conduct. *Walker v. Navarro County Jail,* 4 F.3d 410, 413 (5th Cir.1993). Because Appellant only alleged the crumpling of his papers and possible loss of some pens, a *de minimus* claim of actual harm and no alleged prejudice, Appellant failed to adequately state a claim for denial of access to the courts.

▬ Appellant further claimed the damage and destruction of his legal papers constituted retaliation for his participation in a federal civil rights suit filed by another inmate. Prison officials may not retaliate against an inmate because of the inmate's exercise of his right of access to the courts. *Campbell v. Beto,* 460 F.2d 765, 768 (5th Cir.1972). However, to successfully allege a claim of retaliation, a litigant must demonstrate in his pleadings that his protected conduct was a substantial motivating factor in the defendant's conduct. *Mt. Healthy City School Dist. Bd. of Education v. Doyle,* 429 U.S. 274, 284–86, 97 S.Ct. 568, 574–76, 50 L.Ed.2d 471 (1977). A claimant must show that, but for the retaliatory motive, the incidents to which he refers would not have taken place. *Id.* at 286–87, 97 S.Ct. at 576; *Jackson v. Cain,* 864 F.2d 1235, 1248–49 (5th Cir.1989). Conclusory allegations without a specific factual basis are insufficient to state a claim of retaliation. *Whittington v. Lynaugh,* 842 F.2d 818, 819–20 (5th Cir.), *cert. denied sub nom, Johnson v. Lynaugh,* 488 U.S. 840, 109 S.Ct. 108, 102 L.Ed.2d 83 (1988); *see also Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir.), *cert. denied,* 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986) (concluding that a single incident is insufficient to prove harassment or retaliation). In the present case, Appellant merely made a conclusory allegation of retaliation with no factual basis, which the court impliedly found frivolous. Appellant's pleading itself admits the speculative nature of his own allegations by stating "Plaintiff . . . has reason to believe that a TDCJ–ID disciplinary case was issued. . . ." Appellant failed to allege facts sufficient to state a claim for retaliation.

Because Appellant failed to identify a deprivation of rights guaranteed by the constitution or laws of the United States, we hold the trial court did not abuse its discretion in dismissing Appellant's claims under section 1983.

▬ We next turn to the Appellant's allegation that Appellee violated his rights under the Texas Tort Claims Act (the "Act"), TEX.CIV.PRAC. & REM.CODE § 101.001, *et seq.* The Act only provides for a waiver of governmental immunity in three general areas: use of publicly owned vehicles, premise defects, and injuries arising from a condition or use of personal property. *City of Denton v. Van Page,* 701 S.W.2d 831, 834 (Tex.1986). The Act does not provide for recovery against individuals employed by the State. A person making a claim under the Texas Tort Claims Act must sue the governmental unit responsible for allegedly causing the harm in order to invoke the waiver of sovereign immunity. TEX.CIV.PRAC. & REM.CODE § 101.025(b); *Birdo v. DeBose,* 819 S.W.2d 212, 215 (Tex. App.—Waco 1991, no writ). Appellee, as an

individual state employee, was not a proper party to this lawsuit to the extent that he is being sued under the Act. Appellant has not stated a claim under the Texas Tort Claims Act against the Appellee.

■ Appellant's pleadings also asserted a cause of action pursuant to sections 39.01, 39.02 and 39.021 of the Texas Penal Code, alleging that Appellee abused his official capacity and violated the civil rights of a person in custody. However, the Penal Code does not create private causes of action, and a victim "does not have standing to participate as a party in a criminal proceeding." TEX. CONST. art. I, § 30(e); TEX.CODE CRIM. PROC.ANN. art. 56.02(d) (Vernon Supp.1992); *State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 144 (Tex.App.—Dallas 1987, orig. proceeding). Thus, Appellant's allegations based on the noted penal code sections must fail as not stating a cause of action recognized by law.

After reviewing Appellant's pleadings and causes of action alleged, we determine that the trial court did not abuse its discretion in dismissing Appellant's claim. Therefore, we overrule Appellant's first point of error.

■ In his second point of error, Appellant claims the trial court abused its discretion in dismissing his case under the provisions of Texas Rule of Civil Procedure 165a without a hearing. Appellant mistakenly asserts that his cause of action was dismissed for want of prosecution pursuant to Texas Rule of Civil Procedure 165a. A review of the transcript reveals the trial court dismissed Appellant's petition as frivolous pursuant to section 13.001 of the Texas Civil Practice and Remedies Code, not Rule 165a. Rule 165a does not apply to the present case. A trial court may dismiss a frivolous *in forma pauperis* complaint without notice or an opportunity to be heard. *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex.App.—Tyler 1992, no writ); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 155 (Tex.App.—Houston [14th Dist.] 1990, no writ). We therefore overrule Appellant's second point of error.

In points of error three and five, Appellant alleges that the trial court abused its discretion by not allowing him to amend his pleadings or file an answer to Appellee's motion to dismiss.

■ A court may dismiss an *in forma pauperis* lawsuit without affording the pauper an opportunity to amend. *Kendrick*, 804 S.W.2d at 156. Because the court has broad discretion to dismiss either before or after service of process, a court is under no duty to suggest voluntarily that a plaintiff amend his pleadings. *Id.; Johnson v. Peterson*, 799 S.W.2d 345, 346–47 (Tex.App.—Houston [14th Dist.] 1990, no writ). Accordingly, we overrule Appellant's points of error three and five.

In points of error four and six, Appellant claims the trial court abused its discretion "denying injunctive relief enjoining defendants from further retaliatory activities and confiscation of legal materials from Appellant," and "not granting Appellant's application for injunctive relief when there was evidence that Appellee's [sic] were [sic] violating established federal law and continue to do so."

■ The trial court has broad discretion in determining whether to issue a temporary injunction to preserve the rights of the parties pending a final trial on the merits. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978). The decision to grant or deny a temporary injunction lies in the sound discretion of the trial court, and a reviewing court will not disturb the trial court's decision absent a clear abuse of discretion. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993). An applicant for a temporary injunction must demonstrate that he is entitled to a preservation of the status quo pending a trial on the merits. *Walling*, 863 S.W.2d at 57. To be entitled to a preservation of the status quo, an applicant must establish a probable right to the relief sought on final trial and a probable injury in the interim. *Id.*, 863 S.W.2d at 57.

■ As noted above, we conclude that the trial court correctly found that Appellant's suit had no arguable basis in law or fact and properly dismissed this suit as frivolous pursuant to section 13.001 of the Texas Civil Practice and Remedies Code. Therefore, Appellant could not demonstrate a

probable right of recovery at a final trial on the merits. Accordingly, we overrule Appellant's fourth and sixth points of error.

The judgment of the trial court is **affirmed.**