IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11417
_____

KEIRON DEREK PENIGAR,

Plaintiff-Appellant,

versus

FRANCIS ODOM, Property Officer,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-194
--------------------
June 6, 2002

ON PETITION FOR REHEARING

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that the petition for rehearing is GRANTED.

The prior panel opinion is WITHDRAWN, and this opinion is

SUBSTITUTED therefore.

Kieron Derek Penigar (TDCJ # 721657) appeals the dismissal

as frivolous of his pro se and in forma pauperis (IFP) civil

rights complaint against the property officer at his prison unit

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wherein he alleged that not all of his personal property was returned to him after he was released from administrative segregation and that the property officer refused to locate or replace the missing items. He argues that the defendant's intentional deprivation of his family photographs and other sentimental property is, in effect, cruel and unusual punishment.

An IFP complaint that lacks an arguable basis in fact or law may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). Deprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided that adequate state post-deprivation remedies exist. Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994)(citing Hudson v. Palmer, 468 U.S. 517 (1984)). Texas law allows prisoners to seek administrative relief for property lost or damaged by prison employees. See Tex. Gov't Code § 501.007, 501.008 (Vernon Supp. 1996); Aquilar v. Chastain, 923 S.W.2d 740, 743-44 (Tex. App. 1996).

We reject Penigar's attempt to recharacterize his claim as one implicating the Eighth Amendment because Penigar made absolutely no suggestion in the district court that the failure to return the items was intended as punishment. Penigar's appeal is without arguable merit and is therefore DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal and the dismissal as frivolous by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  In addition, Penigar accumulated two strikes with the dismissal of the appeal in Penigar v. Johnson, No. 01-11290 (5th Cir. Feb. 20, 2002)(unpublished).  Because he has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), Penigar is BARRED from proceeding IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.