IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40809
Conference Calendar
_____

FORREST LEE STOKES,

                                            Plaintiff-Appellant,

versus

UIRANNAH L. LOVELY; JOSEPH M. SMITH, Senior Warden;
DAWN A. WILLIAMSON, Assistant Warden,

                                            Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-58
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Forrest Lee Stokes, Texas prisoner # 1062181, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim. Stokes argues that the above listed prison officials took his watch upon his transfer into the Larry Gist State Jail in violation of prison policy and his constitutional due process right.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As correctly determined by the district court, the intentional, unauthorized deprivation of property caused by the state officials does not infringe constitutional due process rights of a prisoner provided that adequate state post-deprivation remedies exist. Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994); Hudson v. Palmer, 468 U.S. 517 (1984)). Such post-deprivation remedies exist in Texas. TEX. GOV'T CODE §§ 501.007, 501.008 (Vernon 1998); Aguilar v. Chastain, 923 S.W.2d 740, 743-44 (Tex. App. 1996).

The district court's dismissal of Stokes's complaint was correct. Stokes's appeal lacks arguable merit and is DISMISSED AS FRIVOLOUS. See 5TH CIR. 42.2; Howard v. King, 707 F.2d 215, 219- 20 (5th Cir. 1983). The dismissal of his appeal as frivolous and the district court's dismissal count as two strikes for purposes of 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Stokes is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated in any facility unless he is in imminent danger of serious physical injury. See id.

Stokes's motion for the appointment of counsel is DENIED. Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

APPEAL DISMISSED. THREE-STRIKES WARNING GIVEN. MOTION FOR APPOINTMENT OF COUNSEL DENIED.