NO. 12-02-00338-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


CHARLES NELSON,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


T.D.C.J.-I.D., ET AL.,

APPELLEES
§
 ANDERSON COUNTY, TEXAS






MEMORANDUM OPINION


 Inmate Charles Nelson ("Nelson") filed a pro se in forma pauperis civil suit against the Texas
Department of Criminal Justice-Institutional Division ("TDCJ-ID"), Robert Herrera, Sherri Milligan,
and S. Schumacher (hereinafter collectively referred as "Appellees") pursuant to Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.001 et seq., commonly known as the Texas Tort Claims Act ("the Act"). 
He also requested damages pursuant to 42 U.S.C.A. § 1983 (West 1994) for violation of the United
States Constitution. Nelson's lawsuit was predicated upon his allegation that Appellees unlawfully
deprived Nelson of personal property. The trial court dismissed as frivolous all claims against
Appellees sua sponte. In one issue, Nelson complains that the trial court erred when it dismissed
his suit. We affirm.


Background

 In his petition, Nelson alleged that he was transferred temporarily to another unit of the
TDCJ-ID, and that he placed his Smith Corona PWP 2500 word processor typewriter into the
custody of TDCJ-ID employees. When he retrieved his personal property, it was damaged. 
Appellees offered to replace the word processor with an electric typewriter and $120.00 worth of
commissary items, which offer Nelson declined. Appellees denied both Nelson's step one and step
two grievances. Approximately ten days after Nelson filed his petition, and upon its own motion,
the trial court dismissed Nelson's claims as frivolous or malicious pursuant to Tex. Civ. Prac. &
Rem. Code Ann. § 14.003 (Vernon 2002). This appeal followed.


Standard of Review

Dismissal Of Causes As Frivolous

 In one issue, Nelson complains that the trial court abused its discretion when, on its own
motion and without a hearing, it dismissed his suit against Appellees because it found that the claims
against them were frivolous or malicious. When a plaintiff files an affidavit of inability to pay, the
trial court has broad discretion to dismiss the suit as frivolous or malicious. Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(2) (Vernon 2002); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-
Houston [1st Dist.] 1998, no pet.). A trial court abuses its discretion if it acts arbitrarily,
capriciously, and without reference to any guiding rules or principles. Aguilar v. Chastain, 923
S.W.2d 740, 743 (Tex. App.-Tyler 1996, writ denied). 

 In determining whether an action is frivolous or malicious, the statute allows the trial court
to consider whether



 the claim's realistic chance of ultimate success is slight;
 the claim has no arguable basis in law or in fact;
 it is clear that the party cannot prove facts in support of the claim; or
 the claim is substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.



Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002).

 To allow the court to determine whether the inmate's claim is substantially similar to a
previous claim filed by the inmate, the Texas Legislature enacted section 14.004 of the Texas Civil
Practice and Remedies Code. That section requires an inmate who files an affidavit or unsworn
declaration of inability to pays costs to file a separate affidavit or declaration


 (1) identifying each suit, other than a suit under the Family Code, previously brought by the person
and in which the person was not represented by an attorney, without regard to whether the person was
an inmate at the time the suit was brought; and


 (2) describing each suit that was previously brought by:


 (A) stating the operative facts for which relief was sought;


 (B) listing the case name, cause number, and the court in which the suit was brought;


 (C) identifying each party named in the suit; and


 (D) stating the result of the suit, including whether the suit was dismissed as
frivolous or malicious under Section 13.001 or Section 14.003 or otherwise. 


Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon Supp.1998).

 In the instant case, the trial court did not give the reason for which it found the causes of
action to be frivolous. We have reviewed the record in this case, however, and find that Nelson did
not file an affidavit meeting the requirements of section 14.004. Without that information, the trial
court was unable to consider whether Nelson's current claims were substantially similar to previous
claims. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon 2002). When an inmate
does not comply with the affidavit requirements of section 14.004, the trial court is entitled to
assume the suit is substantially similar to one previously filed by the inmate. Bell v. Tex. Dep't of
Crim. Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.-Houston [14th Dist.] 1998, pet.
denied). Consequently, a trial court does not abuse its discretion by dismissing as frivolous a
Chapter 14 suit where the inmate does not fully comply with section 14.004. Jackson v. Tex. Dep't
of Crim. Justice-Institutional Div., 28 S.W.3d 811, 814 (Tex. App.-Corpus Christi 2000, pet.
denied). 

 Because Nelson did not comply with the requirements of section 14.004, we hold that the
trial court did not abuse its discretion by dismissing as frivolous Nelson's lawsuit. Accordingly, we 

overrule Nelson's sole issue and affirm the judgment of the trial court. 


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered June 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.








(PUBLISH)