NO. 12-02-00076-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MAHMUD AMEEN SEIFULLAH
§
 APPEAL FROM THE 369TH

A/K/A/ JAMES LEE POWELL,

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


JASON HEATON, ET AL,

APPELLEES
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Inmate Mahmud Ameen Seifullah a/k/a James Lee Powell ("Powell") filed a pro se in forma
pauperis civil suit against the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"), Jason Heaton, Santee Manning, Carl Davis, Clifton Warner, Danny Churchman, Tammy Ham,
Celeste Brister, Edward Galloway, Michelle Thorn, Cesar Saenz, and "John Doe" Feggan
(hereinafter collectively referred as "Appellees") pursuant to Tex. Civ. Prac. & Rem. Code Ann.
§§ 101.001-.109, commonly known as the Texas Tort Claims Act ("the TTCA"). He also requested
damages pursuant to 42 U.S.C.A. § 1983 for violations of the United States Constitution. Powell's
lawsuit is predicated upon his allegations of assault and battery, excessive use of force, retaliation,
and conspiracy to deprive him of his civil rights. The trial court dismissed as frivolous all claims
against Appellees sua sponte. In three issues, Powell complains that the trial court erred when it
dismissed his suit and assessed costs against him. We affirm in part and reverse in part and remand
for further proceedings.



Background

 In his petition, Powell alleges that on August 29, 2001, he was in the dining hall when prison
guard Brister saw him with a second tray (Powell claims that he was putting away the tray for
another inmate.). Brister yelled at Powell to get out of the chow hall because he had already eaten. 
Words were exchanged and Brister filed a complaint which accused Powell of threatening Brister
and of refusing to obey an order. Powell claims that he did not threaten Brister in any way, but
complained about not being allowed to finish eating and about being handcuffed and escorted out
of the dining hall. Powell was taken to a holding cell where prison guard Manning slammed the
inmate's face into the wall causing migraine headaches and a split lip, for which he received no
medical treatment. Manning strip-searched Powell, gave him back only his underwear, and escorted
him to a prehearing detention cell. The cell was cold, the roof was leaking, the floor was flooded
with water, and the air conditioner was on full blast. The next day, Powell asked for clothing,
bedding, his personal property, and a breakfast tray. An unknown guard refused, stating that it was
Manning's job to provide for his needs. Manning never did so. Powell complained to sub-counsels
Thorn and Ham and to his chaplain about his poor living conditions. A disciplinary hearing was held
on September 7, 2001, at which time the disciplinary committee lowered the inmate's class and took
away 100 good time days. 

 Approximately a month later, a classification hearing was held to determine if Powell's status
and good time days should be restored. According to Powell, the Assistant Warden found that the
description of the offense did not constitute a threat to inflict harm on an officer under the
disciplinary code and stated that Powell was to remain in class status S-3 with no loss of good time.
The reclassification did not occur. In addition to the previously described actions, Powell also
complains about Appellees' filing fraudulent reports, conspiracy to commit fraud, and violation of
TDCJ-ID policies. Approximately ten days after Powell filed his petition, and upon its own motion,
the trial court dismissed Powell's claims as frivolous or malicious pursuant to Tex. Civ. Prac. &
Rem. Code Ann. § 14.003 (Vernon 2002). This appeal followed.


Standard of Review

Dismissal of Causes as Frivolous

 In his first two issues, Powell complains that the trial court abused its discretion when, on
its own motion and without a hearing, it dismissed his suit against Appellees because it found that
the claims against them were frivolous or malicious. When a plaintiff files an affidavit of inability
to pay, the trial court has broad discretion to dismiss the suit as frivolous or malicious. Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002); Lentworth v. Trahan, 981 S.W.2d 720,
722 (Tex. App.-Houston [1st Dist.] 1998, no pet.). A trial court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to any guiding rules or principles. Aguilar v.
Chastain, 923 S.W.2d 740, 743 (Tex. App.-Tyler 1996, writ denied).

 In determining whether an action is frivolous or malicious, the statute allows the trial court
to consider whether



 the claim's realistic chance of ultimate success is slight;
 the claim has no arguable basis in law or in fact;
 it is clear that the party cannot prove facts in support of the claim; or
 the claim is substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.



Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002).

 To allow the court to determine whether the inmate's claim is substantially similar to a
previous claim filed by the inmate, the Texas Legislature enacted section 14.004 of the Texas Civil
Practice and Remedies Code. That section requires an inmate who files an affidavit or unsworn
declaration of inability to pay costs to file a separate affidavit or declaration identifying and giving
the particulars of every lawsuit he has ever filed. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)
(Vernon 2002). There are also other procedures with which inmates must conform, such as attaching
completed grievance forms to his petition, Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon
2002), and filing a certified copy of his trust fund account statement, Tex. Civ. Prac. & Rem. Code
Ann. § 14.006(f) (Vernon 2002).

 In the instant case, the trial court did not give the reasons for which it found Powell's causes
of action to be frivolous, and we have therefore reviewed the record to determine if Powell followed
the procedures required of inmates filing civil suits. We find that he has. We have also reviewed
Powell's pleadings, and have determined that the trial court's blanket dismissal of all Powell's
causes of action was error. As we will discuss, the trial court was correct in holding that there was
no basis in law for several of Powell's causes of action. However, to determine if there is no basis
in fact for Powell's other causes, the trial court must conduct an evidentiary hearing. See Retzlaff
v. TDCJ-ID, 94 S.W.3d 650, 655 (Tex. App.-Houston [14th Dist.] 2002, pet. denied)(if no fact
hearing is held, the court's dismissal can only be affirmed if the inmate's suit lacks a basis in law). 


Texas Tort Claims Act

 Powell pleaded negligence, use of excessive force, deliberate indifference to his serious
medical needs, violations of TDJC-ID policies and procedures, conducting a false disciplinary
proceeding, ineffective counsel, retaliation, and conspiracy to deprive him of his constitutional rights
under the TTCA. 

 Sovereign immunity or governmental immunity means that the State may not be sued in tort,
and the State is protected from vicarious liability for the tortious acts of its agents or employees
acting in the scope of their employment. Davis v. City of Palestine, 988 S.W.2d 854, 857 (Tex. App.
-Tyler 1999, no writ). The State and other governmental entities are immune from liability unless
liability is waived by a constitutional or legislative provision. University of Tex. Med. Branch v.
York, 871 S.W.2d 175, 177 (Tex. 1994). The TTCA is one such legislative provision which waives
governmental liability under certain circumstances.

 The TTCA does not provide for recovery against individuals employed by the state. Aguilar
v. Chastain, 923 S.W.2d 740, 744 (Tex. App.-Tyler 1996, writ denied). A person making a claim
under the TTCA must sue the governmental unit responsible for allegedly causing the harm in order
to invoke the waiver of sovereign immunity. Tex. Civ. Prac. & Rem. Code Ann. § 101.025(6)
(Vernon 1997); Birdo v. Dubose, 819 S.W.2d 212, 215 (Tex. App.-Waco 1991, no writ). Therefore,
the employee Appellees are not proper parties to this suit, in their official or their individual
capacities, to the extent that they are being sued under the TTCA. The trial court did not err when
it dismissed Powell's actions against Heaton, Manning, Davis, Warner, Churchman, Ham, Brister,
Galloway, Thorn, Saenz, and Feggan pursuant to the TTCA.

 In regard to Powell's claim against TDCJ-ID under the TTCA, whether a governmental
entity may be held liable for the action of an employee involves a two-step analysis; the first step
is whether the claim arises under one of three specific areas of liability. See Alvarado v. City of
Brownsville, 865 S.W.2d 148, 155 (Tex. App.-Corpus Christi 1993), rev'd on other grounds, 897
S.W.2d 750 (Tex. 1995). The second step is whether the claim lies within an exception to the waiver
of sovereign immunity. Id. The determination of a governmental entity's negligence will be made
only after a claimant has cleared these two statutory hurdles. The three specific areas of liability in
which immunity has been waived are (1) injury caused by an employee's use of a motor-driven
vehicle, Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (Vernon 1997); (2) injury caused by a
condition or use of tangible personal or real property, Tex. Civ. Prac. & Rem. Code Ann.
§101.021(2) (Vernon 1997); and (3) claims arising from premise defects, Tex. Civ. Prac. & Rem.
Code Ann. § 101.022 (Vernon 1997). Salcedo v. El Paso Hosp. Dist., 659 S.W.2d 30, 31 (Tex.
1983).

 In his petition, Powell alleged that his injuries arose from the negligence of the individual
employees of TDCJ-ID in failing to provide prompt and proper medical treatment for his face and
head injury. This is, in essence, an allegation of non-use of tangible personal property, which is not
within the statutory waiver. See TDCJ-ID v. Miller, 51 S.W.3d 583, 587-88 (Tex. 2001). Neither
do the use of excessive force (as alleged by Powell), violations of TDJC-ID policies and procedures,
conducting a false disciplinary proceeding, ineffective counsel, retaliation, and conspiracy fall under
the ambit of the TTCA. Therefore, the trial court did not err when it dismissed these actions against
the TDCJ-ID. However, the condition of the holding cell where Powell was held possibly states a
claim under Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) for injuries caused by a condition
or use of tangible personal or real property. It was error, therefore, for the trial court to dismiss this
action under the TTCA without a fact hearing. 


42 U.S.C.A. § 1983

 Powell's suit is also brought against Appellees pursuant to 42 U.S.C.A. § 1983, which
provides, in pertinent part:


 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or
Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United
States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the party injured in action at law,
suit in equity, or other proper proceeding for redress.



42 U.S.C.A. § 1983 (West Pamph. Supp. 2001).

 Section 1983 provides a remedy when any person acting under color of state law deprives
another of rights, privileges, or immunities protected by the U.S. Constitution or laws. Id. A court
must first determine whether the plaintiff has been deprived of such a right, privilege, or immunity. 
Emerson v. Borland, 927 S.W.2d 709, 717 (Tex. App.-Austin 1996, pet. denied). If this inquiry
is answered in the affirmative, the court determines whether the defendant is responsible for that
violation. Collins v. City of Harker Heights, 503 U.S. 115, 120, 112 S. Ct. 1061, 1066, 117 L. Ed.
2d 261 (1992); Emerson, 927 S.W.2d at 717. 

 If sued for damages, officials acting in their official capacities are not "persons" who may be
liable under section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct.
2304, 2312, 105 L. Ed. 2d 45 (1989); Mitchell v. Amarillo Hosp. Dist., 855 S.W.2d 857, 866 (Tex.
App.-Amarillo 1993, writ denied). Therefore, it was appropriate for the court to dismiss the section
1983 actions against Heaton, Manning, Davis, Warner, Churchman, Ham, Brister, Galloway, Thorn,
Saenz, and Feggan in their official capacities. Further, a claim may not be successfully pursued
against TDCJ-ID under section 1983 because a state and its agencies are also not "persons" for the
purpose of such claims. See Hockaday v. TDCJ-ID, 914 F. Supp. 1439, 1445 (S.D. Tex. 1996). 
Consequently, it was not error for the trial court to dismiss Powell's claims under section 1983
against TDCJ-ID.

 However, Powell did state section 1983 claims against Heaton, Manning, Davis, Warner,
Churchman, Ham, Brister, Galloway, Thorn, Saenz, and Feggan in their individual capacities. We
hold, therefore, that the trial court erred when it dismissed these actions without first conducting a
fact hearing. 


State Law Claims

 Powell alleged three torts, assault and battery, conspiracy, and retaliation, against Appellees
in their official capacities. However, governmental employees in their official capacities may not
be held liable for intentional torts. University of Tex. Med. Branch v. Hohman, 6 S.W.3d 767, 777
(Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.). But Powell also pleaded that employee
Appellees in their individual capacities intentionally committed assault and battery, engaged in a
conspiracy, and retaliated against him. The trial court failed to conduct a fact hearing to determine
if those claims had any arguable basis in fact. Accordingly, we hold that the trial court erred when
it dismissed Powell's intentional tort claims against employee Appellees in their individual
capacities. 

 Powell also pleaded that TDCJ-ID was responsible for its employees' intentional acts of
assault and battery, conspiracy, and retaliation. However, the TTCA does not waive a governmental
unit's immunity from those acts which concern intentional conduct on the part of the agency's
employee. Id. Consequently, the trial court did not err when it dismissed the intentional tort claims
against TDCJ-ID. 


Conclusion

 We affirm the judgment for TDCJ-ID on Powell's section 1983 claims. We also affirm the
judgment for TDCJ-ID on Powell's TTCA claims for use of excessive force, deliberate indifference
to his serious medical needs, violations of TDJC-ID policies and procedures, conducting a false
disciplinary proceeding, ineffective counsel, retaliation, and conspiracy to deprive him of his
constitutional rights. Further, we affirm the judgment for TDCJ-ID on Powell's state law intentional
tort claims. However, we reverse the judgment for TDCJ-ID on Powell's TTCA claim for the
negligent use of tangible or real property and remand to the trial court for further proceedings. We affirm the judgment for employee Appellees in their official capacities on Powell's
section 1983 and TTCA claims. We also affirm the judgment for employee Appellees in their
individual capacities under the TTCA. But we reverse the judgment for employee Appellees in their
individual capacities for Powell's state law intentional tort claims and for claims under section 1983
and remand to the trial court for further proceedings.


 DIANE DEVASTO 

 Justice


Opinion delivered August 20, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(PUBLISH)