**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51109
Conference Calendar

CHRISTOPHER DYE,

Plaintiff-Appellant,

versus

SENAIDA AMBRIZ, Respectively, in Both Individual and
Official Capacity; BRIGIDA JOYCE, Respectively, in Both
Individual and Official Capacity; JOHN DOE, Corrections
Officer, Respectively, in Both Individual and Official
Capacity; DENNIS FENNER, Respectively, in Both Individual
and Official Capacity; STEVEN GREEN, Respectively, in Both
Individual and Official Capacity; JEFFREY MARTON,
Respectively, in Both Individual and Official Capacity; PAUL
MORALES, Respectively, in Both Individual and Official
Capacity; OSCAR MENDOZA, Respectively, in Both Individual
and Official Capacity; ROSEMARY HEINSOHN, Respectively, in
Both Individual and Official Capacity; DOUGLAS DRETKE,
Director - Criminal Instituitional Division, Respectively,
in Both Individual and Official Capacity; GARY JOHNSON,
Respectively, in Both Individual and Official Capacity;
LARRY TODD, Respectively, in Both Individual and Official
Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-517
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Christopher Dye, Texas prisoner # 805217, appeals from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim.  See 28 U.S.C. § 1915A(b)(1).

We review dismissals under § 1915A(b)(1) de novo.  Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998).  Texas law provides an adequate post-deprivation remedy for property loss occasioned by prison employees through the administrative grievance process and through the court system.  See TEX. GOV'T CODE §§ 501.007, 501.008 (Vernon 2004); Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994); Aquilar v. Chastain, 923 S.W.2d 740, 743-44 (Tex. App. 1996).

The record contains administrative grievance responses which indicate that Dye refused to accept the items which he had ordered from an outside vendor and refused to fill out an administrative form declining such items.  As a result, they were destroyed in accordance with administrative policy.  Dye offers no explanation in his brief with respect to the administrative responses, arguing instead that the administrative grievance procedure was "contemptuous" and "irrelevant."  His conclusional assertions are insufficient to demonstrate that the grievance procedure was inadequate and that his due process rights were violated.  See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Dye argues that the district court erred in failing to allow him to amend his complaint and requests that the district court grant him additional time in the law library to conduct discovery. Dye's contentions are meritless because he fails to explain what new arguments he would have made to preclude dismissal. Accordingly, Dye's appeal lacks arguable merit and is therefore dismissed as frivolous. See 5th Cir. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the complaint for failure to state a claim and the dismissal of this appeal as frivolous both count as strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Dye is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.