United States Court of Appeals

**Fifth Circuit**

**F I L E D**

**August 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20100
Summary Calendar

_____

TERRY WAYNE COCHRAN,

                                          Plaintiff-Appellant,

versus

SHEQURITO BALDWIN, Correctional Officer-Texas Department
of Criminal Justice; JOHN DOE, Lieutenant/Supervisor-
Texas Department of Criminal Justice; PAMELA BAGGETT,
Warden-Texas Department of Criminal Justice; DOUG DRETKE,
Director- Texas Department of Criminal Justice,

                                          Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-64
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Terry Wayne Cochran, Texas prisoner # 1176296, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint for
failure to state a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii).  Cochran has filed a motion to attach and to
supplement his appeal, which is denied.

    Cochran argues that the district court's dismissal with
prejudice was an abuse of discretion.  He contends that he should

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have been given an opportunity to amend his complaint.  He argues that the district court erred in dismissing his complaint for failure to state a claim because the order of dismissal is inconsistent with the facts as stated in his complaint.  He contends that the defendants violated the guidelines and policies established by the Texas Department of Criminal Justice for the handling of prisoner property.  He argues that the defendants' actions impeded the litigation of his criminal appeal because he did not have access to his legal materials, and consequently his petition for discretionary review was not as strong as it should have been.  He argues that his right of access to the courts was violated.

To the extent that Cochran alleged a confiscation of property claim separate from his denial-of-access-to-courts claim, he is prevented by the Parratt/Hudson doctrine from pursuing such a claim in federal court.  Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)), and Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Because Texas has adequate postdeprivation remedies for the confiscation of prisoner property, Cochran cannot raise this claim in this § 1983 action. Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994); Aguilar v. Chastain, 923 S.W.2d 740, 743-44 (Tex. App. - Tyler 1996, writ denied).  Further, the defendants' failure to follow the guidelines regarding prisoner property does not constitute a

violation of due process.  Murphy, 26 F.3d at 543-44; Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).  The district court did not err in dismissing Cochran's complaint on this basis for failure state a claim.  See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

To the extent Cochran's allegations raised a claim for denial of access to the courts, that claim is also subject to dismissal for failure to state a claim.  The right of access does not include the right to litigate all causes of action; rather it requires that prisoners be provided with the tools necessary "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  Lewis v. Casey, 518 U.S. 343, 355 (1996).  To prevail on a denial-of-access claim, a plaintiff must show actual prejudice.  Id. at 350-51.

The docket sheet in Cochran's criminal proceedings shows that Cochran filed his petition for discretionary review on May 26, 2004, and that the petition was denied on August 31.  The date of the alleged loss of legal materials was June 2, 2004, after Cochran filed his petition.  There is a factual discrepancy in the record regarding whether Cochran filed a supplemental petition after the date of the alleged loss of his legal materials.  Although Cochran alleged in the district court that he needed the legal materials to prepare his petition for discretionary review, he made no factual allegations of actual prejudice.  On appeal, he states that he had to turn in his

petition without the benefit of his legal research and that his petition was not as strong as it should have been. At the pleading stage, general factual allegations of injury may suffice to support the plaintiff's burden of demonstrating actual injury. Lewis, 518 U.S. at 358. Cochran's allegations of injury in his appellate brief are not specific enough to demonstrate actual injury warranting a remand for Cochran to amend his pleadings. Thus, the district court did not err in dismissing the complaint in this respect.

Cochran's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Cochran that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED; SANCTION WARNING ISSUED.