

NUMBER 13-13-00643-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FRED HOFFMAN III,                                                        Appellant,

v.

CAROL MONROE, ADAM GONZALES,
KAREN STROLENY, JAMES THOMPSON,
JOE GONZALES, BERNADETTE RODRIGUEZ,
MADELINE MILLER, JOSE FERNANDEZ,
ADAN JIMENEZ, P. CHAPA, AND JANE DOE,                Appellees.

On appeal from the 343rd District Court
of Bee County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Benavides

This case involves inmate litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §

14.002 (West, Westlaw through 2013 3d C.S.). Appellant, Fred Hoffman III, challenges

the dismissal of his lawsuit against appellees, Carol Monroe, Adam Gonzales, Karen Stroleny, James Thompson, Joe Gonzales, Bernadette Rodriguez, Madeline Miller, Jose Fernandez, Adan Jimenez, P. Chapa, and Jane Doe.[1]  By two issues, Hoffman asserts that (1) the trial court improperly dismissed his case against appellees; and (2) the trial court failed to rule on his temporary restraining order and preliminary injunction.  We affirm.

## I.  BACKGROUND

Hoffman is an inmate at the Texas Department of Criminal Justice's McConnell Unit in Beeville.   Appellees are all employees at the McConnell Unit.   On July 3, 2013, Hoffman filed his original petition against appellees claiming that appellees Jimenez and Doe allowed other inmates unauthorized access to Hoffman's cell, which resulted in the theft of more than $500 worth of his property.   Hoffman further claimed that the remaining appellees failed to investigate the matter properly and that they conspired to conceal the acts of Jimenez and Doe through fraudulent use of the prison grievance system.   Hoffman asserted that the appellees' actions constituted "fraud," "conspiracy to commit fraud," "theft," "conspiracy to commit theft," "retaliation," and "violations of the R.I.C.O. Act."   Hoffman sought actual and exemplary damages, as well declaratory and injunctive relief.

On July 30, 2013, the State of Texas filed an amicus curiae brief with the trial court.   In its pleading, the State asserted that Hoffman failed to state a non-frivolous or non-malicious claim and recommended that the trial court dismiss Hoffman's lawsuit.

---

[1] Appellee "Jane Doe" appears to refer to an unknown employee.  In his petition, Hoffman identifies Jane Doe as a "Rover on 4 building, 25 February 2013, Day-shift, 3001 South Emily Dr., Beeville, Texas 78102."

On October 14, 2013, the trial court dismissed Hoffman's suit as frivolous. *See id.* § 14.003 (West, Westlaw through 2013 3d C.S.). This appeal followed.

## II. DISMISSAL OF HOFFMAN'S LAWSUIT

By his first issue, Hoffman asserts that the trial court abused its discretion in dismissing his lawsuit and not giving him an opportunity to remedy "any and all deficiencies" in his petition.

### A. Standard of Review and Applicable Law

We review a trial court's dismissal of a suit pursuant to chapter 14 of the civil practice and remedies code for an abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Ops., Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Under chapter 14, a trial court may dismiss a claim filed by an inmate, either before or after service of process, if it finds:

(1) the allegation of poverty in the affidavit or unsworn declaration is false;

(2) the claim is frivolous or malicious; or

(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

TEX. CIV. PRAC. & REM. CODE § 14.003(a) (West, Westlaw through 2013 3d C.S.). In determining whether a claim is frivolous or malicious, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate

3

because the claim arises from the same operative facts. *Id.* § 14.003(b).

## B. Discussion

In his petition, Hoffman listed several causes of action. First, Hoffman alleged that appellees allowed, and essentially conspired with, other inmates to commit theft of his personal property by leaving his cell door open while he was working at the prison's garment factory. We construe Hoffman's first claim as alleging the tort of conversion. Conversion is the "wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights." *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971). To establish conversion of personal property, a plaintiff must prove (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant, unlawfully and without authorization, assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights; (3) the plaintiff made a demand for the property; and (4) the defendant refused to return the property. *Wells Fargo Bank N.W., N.A. v. RPK Capital XVI, L.L.C.*, 360 S.W.3d 691, 692 (Tex. App.—Dallas 2012, no pet.) (citations omitted). The plaintiff must also establish that he was injured by the conversion. *Id.* (citing *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1994) (per curiam)). Here, Hoffman failed to allege any facts to show that appellees exercised dominion and control over Hoffman's belongings, an essential element of the tort of conversion. *See id.* The trial court could have determined that Hoffman's claim for conversion had no arguable basis in fact, and consequently that the claim was frivolous. Such a

4

determination was within the trial court's discretion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(3).

Second, Hoffman alleged a claim of retaliation by appellees based upon Hoffman's use of the prison grievance system to report the theft of his property. Prison officials may not retaliate against a prisoner for availing himself of the courts or attempting to defend his constitutional rights. *Thomas v. Collins*, 960 S.W.2d 106, 111 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). To successfully allege a claim of retaliation, a litigant must allege in his pleadings that his protected conduct was a substantial motivating factor in the defendant's conduct. *Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied). Stated another way, a claimant must show that, but for the retaliatory motive, the incidents to which he refers would not have taken place. *Id.* Conclusory allegations without a specific factual basis are not sufficient to state a claim of retaliation. *Id.* Here, Hoffman stated no factual basis to sustain a cause of action for retaliation. In his petition, Hoffman included the following sentence with regard to the alleged retaliation: "[Appellees] retaliated against [Hoffman] for using the Grievance system." Because Hoffman failed to allege facts sufficient to state a claim for retaliation, we hold that the trial court did not abuse its discretion in dismissing his claim for retaliation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2).

Next, Hoffman alleged that appellees committed fraud by "repeatedly giving [Hoffman] false dispositions on both grievances and false statements as well with the intent to defraud [him]." To maintain a claim of fraud, a plaintiff must show: 1) a material representation was made to a person; (2) the material representation was false;

5

(3) when the material representation was made; (4) the speaker (i) knew that the material representation was false, or (ii) made the material representation recklessly without any knowledge of its truth and as a positive assertion; (5) the speaker made the material representation with the intent that it should be acted upon by the person to whom the speaker made the representation; (6) the person to whom the material representation was made acted in reliance upon the representation; and (7) the person to whom the material representation was made suffered injury or damage. *Jones v. Tex. Dep't of Protective & Regulatory Svcs.*, 85 S.W.3d 483, 491 (Tex. App.—Austin 2002, no pet.). Hoffman alleged that appellees gave false statements when responding to grievances or queries about the investigation. However, Hoffman did not provide any facts establishing his intended reliance, or actual reliance, on any of misrepresentations allegedly made by appellees. *See id.* Moreover, Hoffman's pleading reveals that despite the purported false statements made by appellees, he investigated the theft on his own, which further demonstrates that he did not rely on the statements made by appellees. Hoffman failed to state a cause of action for fraud. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing this claim as frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2).

Finally, Hoffman alleged that the theft of his property was part of a conspiracy that constituted a violation of the "R.I.C.O. Act." While Hoffman did not specifically describe what he meant by "R.I.C.O. Act," we construe this argument as a claim asserted under the federal law prohibiting racketeer influenced and corrupt organizations activities. *See generally* 18 U.S.C. § 1962 (2012). Federal courts have exclusive jurisdiction over suits alleging such violations. *Main Rusk Assocs. v. Interior Space Constructors, Inc.*,

6

699 S.W.2d 305, 307 (Tex. App.—Houston [1st Dist.] 1985, no writ.) ("Congress has implicitly granted exclusive jurisdiction [of RICO claims] to the federal courts"). Because Hoffman's final claim falls under the exclusive jurisdiction of the federal courts, we conclude that the trial court did not abuse its discretion for dismissing this claim for want of subject-matter jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2).

Hoffman's first issue is overruled.

### III.    RULING ON PENDING MOTIONS

By his second issue, Hoffman contends that the trial court abused its discretion by failing to rule on his motion for temporary restraining order and preliminary injunction and his motion to appoint counsel.

On September 26, 2013, Hoffman filed a motion for a temporary restraining order and preliminary injunction enjoining certain parties,[2] as well as unspecified "defendants," from committing retaliatory actions against him "while he awaits the final decision in all active causes before the Court." Next, sometime between September 23, 2013 and October 14, 2013,[3] Hoffman filed a motion for appointment of counsel. On October 14, 2013, the trial court dismissed all of Hoffman's claims as frivolous by a "final judgment." The trial court's judgment also states that it "denies all relief not expressly granted in this judgment" and "disposes of all claims and all parties to this suit."

Based on the record of this case, the trial court's judgment was an implicit denial of Hoffman's pending motion for a temporary restraining order and preliminary injunction

---

[2] In his motion, Hoffman sought to enjoin a mailroom supervisor by the name of "Ms. Collins," a supervisor named "Jennifer Smith," and "TDCJ's staff [personnel]." We note that neither Collins nor Smith are named as defendants in the present case.

[3] The filing date of Hoffman's motion for appointment of counsel is unclear from the record.

and motion for appointment of counsel. *See, e.g., Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) ("A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language."). Accordingly, because we hold that the trial court ruled on Hoffman's pending motions, we overrule his second issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
29th day of August, 2014.