# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00094-CV

**Patrick Earl Conely, Appellant**

**v.**

**Texas Board of Criminal Justice et al., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-000492, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Patrick Earl Conely, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), who is appearing pro se and in forma pauperis, appeals the dismissal of his suit against the Texas Board of Criminal Justice and Candace Moore. Because we conclude that the trial court did not abuse its discretion in dismissing Conely's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, we will affirm. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002).

### FACTUAL AND PROCEDURAL BACKGROUND

Conely filed suit in district court pursuant to 42 U.S.C. § 1983 (2003). Conely alleged that McConnell Unit librarian Candace Moore deprived him of his right to exercise his religion through her actions related to his correspondence with Bill Bucholtz, a member of a Jehovah's Witness congregation with whom Conely claimed to have "a close religious relationship."

Conely contended that Moore's conduct was in retaliation for his having filed numerous administrative grievances against her or related to her actions. According to Conely, Moore's conduct violated his First, Fourteenth, and Eighth Amendment rights to freely exercise his religion, to be free from retaliation, and to due process. Conely also alleged that Moore's conduct violated the Texas Theft Liability Act, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001-.005 (West 2011), and 18 U.S.C. § 1702 (2000), which makes obstruction of correspondence a criminal offense.

The defendants filed a motion to dismiss the suit as frivolous pursuant to section 14.003 of the civil practice and remedies code on the ground that the claims asserted had no arguable basis in law. *See id.* § 14.003. The defendants also moved to dismiss the suit on the ground that Conely failed to comply with chapter 14's procedural requirements. *See id.* §§ 14.004, .006. The district court granted the motion and dismissed the suit with prejudice on the ground that the claims are frivolous. Conely perfected this appeal.

**DISCUSSION**

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as this one, filed by inmates who declare themselves unable to pay costs. *Id.* § 14.002(a). Section 14.003 authorizes a trial court to dismiss an inmate's claim, filed in forma pauperis, either before or after service of process occurs, if the court finds the claim to be frivolous. *Id.* § 14.003(a)(2). A claim is frivolous if it has no basis in law or fact or if its realistic chance of success is slight. *See id.* §14.003(b)(1), (2). A claim is considered to have no arguable basis in law when either the legal theory on which it is based is meritless or the factual allegations on which it is based are wholly

2

incredible or irrational. *Nabelek v. District Att'y of Harris Cnty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

We review dismissal under chapter 14 for an abuse of discretion. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). A trial court abuses its discretion if it acts unreasonably or without reference to any guiding rules or principles. *Id.* We review de novo whether the plaintiff's claims have no basis in law such that dismissal on that ground is authorized. *See Retzlaff*, 94 S.W.3d at 653. In conducting our review, we take as true the allegations in the plaintiff's petition. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We examine the claims asserted and the relief requested to determine whether the petition stated a cause of action that could authorize relief. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).

In his second issue, Conely claims that the trial court erred in dismissing his "First and Fourteenth Amendment due process claims" brought pursuant to 42 U.S.C. § 1983. As an initial matter, we note that the First Amendment does not contain any due process protections. The allegations Conely relied on in his petition to support his "Fourteenth Amendment claim" are (1) as a result of Moore's conduct, Bucholtz did not receive some biblical documents that Conely was attempting to return to him, and (2) Conely did not receive notice from Moore, as required by the operations manual for the mailroom, that the stamp on his letter was removed or that his letter to Bucholtz was sent to another destination. Elsewhere in the petition, Conely alleged that Bucholtz did receive the letter he sent but apparently not the biblical documents. It appears, therefore, that Conely claimed to have been deprived of a stamp and some biblical documents without due process.

3

Although it is not entirely clear from his pleadings, it seems that the biblical documents did not belong to Conely but to Bucholtz, which is why Conely was returning them. And the stamp that Moore allegedly confiscated was one provided by Bucholtz for Conely's use in returning his completed lesson and the biblical documents to Bucholtz. Assuming, however, that the stamp and biblical documents did belong to Conely, the Due Process Clause is not necessarily violated when a prison official either negligently or intentionally deprives an inmate of property. *See Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. App.—Tyler 1996, writ denied) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986), and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). "[D]eprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist." *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). The legislature has provided an administrative remedy to pay inmates' claims for property lost or damaged by the TDCJ. *See* Tex. Gov't Code Ann. §§ 501.007, .008 (West 2004). Therefore, Conely's allegation that his property was confiscated does not give rise to a section 1983 claim. *See Murphy*, 26 F.3d at 543-44; *see also Aguilar*, 923 S.W.2d at 743-44. To the extent Conely complains that his due process rights were violated by Moore's failure to follow TDCJ policy, "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional mimina are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Constitutional minima are satisfied in this case because an adequate post-deprivation remedy was available. *See id.* at 94-96; *see also Aguilar*, 923 S.W.2d at 744; *Murphy*, 26 F.3d at 543-44. Conely's due process claim

4

therefore had no arguable basis in law, and the trial court properly dismissed it. We overrule the second appellate issue.

In his first issue, Conely asserts that the trial court erroneously dismissed his retaliation claim. Prisoners have a First Amendment right to be free from retaliation for complaining about a prison official's misconduct, and a violation of this right is actionable under 42 U.S.C. § 1983. *Woods v. Smith*, 60 F.3d 1161, 1163 (5th Cir. 1995). To prevail on a section 1983 retaliation claim, an inmate must be able to establish: (1) a specific constitutional right; (2) the defendant's intent to retaliate against him for exercising that right; (3) a retaliatory adverse act; and (4) causation. *McDonald v. Stevard*, 132 F.3d 225, 231 (5th Cir. 1998). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006), *cert. denied*, 549 U.S. 1038 (2006) (adopting *de minimis* standard in retaliation claims because it achieves proper balance between need to recognize valid retaliation claims and danger of courts "embroiling themselves in every disciplinary act that occurs in state penal institutions"). Inconsequential actions, even if retaliatory, are not sufficient to support a retaliation claim. *Id.* A retaliation claim fails if the complained-of act, though motivated by retaliatory intent, is so *de minimis* that it would not deter an ordinary person from further exercise of his rights. *Id.*

In his brief, Conely argues that his petition set forth a chronology of events from which it could plausibly be inferred that Conely's past grievances and lawsuits caused Moore to "interfere with his religious activities or First Amendment right to freedom of religion by stopping his outgoing correspondence addressed to his religious instructor, Bill Bucholtz[,] and sending it to

5

another person besides Bill, and stealing or trashing his biblical documents." The facts Conely relies on to demonstrate that Moore's conduct interfered with his religious activities are that (1) Moore informed Bucholtz that, "for material gain," inmates with whom he corresponded removed the stamps he supplied them to use when returning biblical materials to him, (2) Moore forwarded this letter to the "head elder over the congregation" instead of to Bucholtz, and (3) as a result, Bucholtz received Conely's bible lessons and letter later than he would have if mailed to him directly.

Conely's allegations did not state how Moore's conduct, assuming it was retaliatory, prevented him from practicing his religion. He did not claim that he was prevented from corresponding with Bucholtz, and in fact his pleadings indicate that their correspondence has continued and that the congregation has continued to send him self-addressed stamped envelopes for that purpose. We conclude that any alleged retaliatory act was inconsequential and did not deter Conely from exercising his constitutional right to freedom of religion. The trial court did not err in concluding that Conely did not state a valid claim for retaliation. We overrule the first appellate issue.[1]

In his third issue, Conely challenges the trial court's dismissal of his claim that Moore's conduct is actionable under the theft liability act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134.001-.005. The allegations Conely relies on to support his theft claim are that (1) as a result

---

[1] Having concluded that the trial court did not err in dismissing Conely's section 1983 claims as having no arguable basis in law, we need not address Conely's sixth appellate issue, in which he contends that he met the minimum amount-in-controversy requirement for invoking district-court jurisdiction. *See* Tex. Const. art. V, §§ 8, 19; Tex. Gov't Code Ann. § 24.007 (West 2004 & Supp. 2011). Our disposition also renders moot Conely's seventh appellate issue, in which he contends that the trial court erred in denying his request for a declaration that Moore's conduct violated state and federal law.

of Moore's conduct, Bucholtz did not receive the biblical documents Conely was attempting to return to him, and (2) Moore "stole or removed a stamp for her personal use and trashed [Conely's] biblical documents." As an initial matter, the record indicates that the biblical documents and the stamp belonged to Bucholtz or the congregation, not to Conely. Conely claimed to be "returning" the biblical documents to Bucholtz, and the stamp was provided by the congregation for that purpose.

Nevertheless, even assuming the documents and the stamp belonged to Conely, the trial court did not err in dismissing this claim as frivolous because Conely failed to exhaust his administrative remedies with regard to his claim that Moore stole property belonging to him. Section 14.005(a)(1) of the civil practice and remedies code provides that an inmate who files a claim subject to the TDCJ grievance system must file an affidavit or unsworn declaration stating the date his grievance was filed and the date he received the written decision described by government code section 501.008(d). Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a); *see* Tex. Gov't Code Ann. § 501.008(d) (inmate may not file claim until he receives written decision issued by highest authority provided for in grievance system or, if inmate has not received written decision, until 180th day after date grievance was filed). If an inmate does not strictly comply with section 14.005(a), a trial court does not abuse its discretion in dismissing the claim. *Brewer v. Simental*, 268 S.W.3d 763, 768 (Tex. App.—Amarillo 2009, no pet.). The affidavit of exhaustion of administrative remedies supplied by Conely reveals that he did not file a grievance complaining of Moore's alleged theft of his property. Rather, the grievance he filed complains only that Moore retaliated against him and interfered with his constitutional rights by redirecting his correspondence and notifying the

7

congregation of her belief that inmates were removing stamps from self-addressed stamped envelopes the congregation had provided and then requesting postage from the TDCJ indigent program. Nowhere in the grievance filed does Conely allege that Moore stole any property. This allegation appears for the first time in Conely's petition. Because Conely failed to demonstrate that he exhausted his administrative remedies with respect to his claim that Moore committed theft of his property, the trial court did not err in dismissing this claim. We overrule Conely's third appellate issue.

In his fourth issue, Conely asserts that the trial court erred in failing "to continue [his] default judgment hearing." By this issue Conely contends that he was entitled to entry of a default judgment and that the trial court made a partial ruling in his favor but also stated that she would not rule until she reviewed documentation demonstrating service of citation. Before the default judgment was signed, the defendants filed their answer. We understand Conely to complain that the trial court should have rendered default judgment sooner, i.e., before the answers were filed. This argument is without merit. The trial court determined, and we agree, that Conely's claims are frivolous because they have no arguable basis in law. A default judgment is properly granted only if the facts set out in the petition allege a cause of action for which relief may be granted. In such a case, the default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). Here, because Conely's claims as alleged could not succeed as a matter of law, the trial court would have erred by granting a default judgment. *See Huynh v. Vo*, No. 01-02-00295-CV, 2003 WL 1848607, at *3 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, no pet.) (mem. op.) (when plaintiff's claim could not succeed as matter of

8

law, trial court erred in rendering judgment on claim). Moreover, even when a district court refuses to rule on a motion for default judgment, once an answer has been filed, any complaints regarding the district court's prior failure to act are rendered moot. *See Palacios v. Rayburn*, 516 S.W.2d 292, 294 (Tex. Civ. App.—Houston [1st Dist.] 1974, no writ) (plaintiff's petition for writ of mandamus against trial court judge who refused to grant default judgment against non-answering defendant was rendered moot when defendant filed answer). We overrule Conely's fourth issue.

In his fifth issue, Conely contends that the trial court's failure to rule on pending motions was a denial of his due process rights. Specifically, Conely claims that the trial court failed to rule on his motion for default judgment, motion for partial judgment on liability, motion to compel discovery, and motion to strike. The trial court may rule on a motion either expressly or implicitly. *See, e.g.*, Tex. R. App. P. 33.1(a)(2) (for party to present complaint for appellate review, record must show that trial court either ruled on motion, expressly or implicitly, or refused to rule and complaining part objected to refusal). Here, by granting the dispositive motion to dismiss without ordering the defendants to answer discovery, the district court implicitly denied this motion. *See In the Interest of Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (concluding that trial court implicitly denied inmate's request for bench warrant by proceeding to trial without issuing one). The trial court's dismissal of Conely's claims likewise implicitly denied the motions for default judgment and for partial judgment on liability. Because we conclude that the district court effectively ruled on Conely's motions, we overrule his fifth appellate issue.

## CONCLUSION

Having overruled Conely's appellate issues, we affirm the trial court's judgment.

9

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   May 30, 2012