

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00199-CV

BRIAN RUSSELL AND RONALD RUMPF, APPELLANTS

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. V-101657-00-A, Honorable Dan L. Schaap, Presiding

May 31, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellants Brian Russell and Ronald Rumpf, appearing *pro se,* are incarcerated in the Clements Unit of the Texas Department of Criminal Justice. Appellants filed suit against the Department, alleging it violated their rights under the Texas Constitution by its disposition of items of their property and in other ways. The trial court sustained the Department's plea to the jurisdiction and dismissed the suit with prejudice. Appellants bring three issues on appeal. We will affirm.

## Background

Appellants' suit stemmed from a May 2011 search and inventory of their belongings. Appellants alleged that when their cells were searched, they were temporarily placed in solitary confinement. They further alleged some of their property was confiscated as contraband, they were disciplined for its possession, and the property was later disposed of without appellants' knowledge. By their amended suit alleging six claims,[1] appellants contended they were denied their constitutional rights with regard to their placement in solitary confinement, with regard to the disciplinary hearing held in June 2011, and with regard to the disposition of their property.[2] They sought both monetary and non-monetary relief. Appellants each executed detailed affidavits and included grievance documentation in their pleadings to the trial court. Appellants also appended to their petition a copy of the Department's Administrative Directive AD-03.72 concerning Offender Property.

The Department filed a plea to the jurisdiction, generally asserting the Department's sovereign immunity. The trial court sustained the plea, and dismissed appellants' claims with prejudice.

---

[1] As appellants plead them, "causes of action" one, three and five apply to Russell, two, four and six, to Rumpf.

[2] Russell's claims relate to the confiscation and loss of a book, magazines, stamps, commissary items and a bottle of facility-issued cleaner. Rumpf's claims relate to the confiscation and loss of commissary bags and items, clothing, game pieces, writing materials, binders, books, pictures and address books.

Analysis

We begin with appellants' second issue on appeal, which challenges the trial court's agreement with the Department's plea to the jurisdiction. Appellants' brief contends the trial court erred "because appellants . . . have alleged facts demonstrating violations of their due course of law rights, guaranteed by Article I, § 19 of the Texas Constitution, and their property rights, guaranteed by Article I, § 17 of the Texas Constitution."[3] Appellants generally assert that the Department is not immune from the suit asserting their constitutional claims.

Immunity

The State and its agencies are generally immune from suit in the absence of an express waiver of its sovereign immunity. *Tex. Parks & Wildlife Dep't v. Sawyer Trust,* 354 S.W.3d 384, 388 (Tex. 2011). Immunity from suit deprives a trial court of subject matter jurisdiction in lawsuits in which the State has been sued without the unit's consent. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004).

Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *City of Elsa v. Gonzalez,* 325 S.W.3d 622, 625 (Tex. 2010). In performing this review, we do not look to the merits of the case, but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *Miranda,* 133 S.W.3d at 227; *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002).

---

[3] Footnotes in brief omitted.

Causes of Action One and Two – Solitary Confinement

Russell alleged that an assistant warden initiated[4] an "offender protection" investigation ("OPI"), also called a "safe prisons" investigation, causing Russell to be moved to solitary confinement and classified as "transient pending OPI." As a part of the investigation, staff from the prison unit's "safe prisons" office seized and inventoried all the personal property in his possession. Some of the property was returned but other items were confiscated as contraband. The inventorying officer designated some items as "altered," others "improperly stored," some in "excessive amounts," and others of "questionable ownership." Despite his efforts to do so, Russell was not allowed to designate his preferred disposition of the items officers retained, and he later was told they had been destroyed. He was released from solitary confinement after three days.

Rumpf made similar allegations. Officers disposed of some items of his personal property in a way he did not select. He was released from solitary confinement after two days.

By their first and second causes of action, appellants alleged they were housed in solitary confinement "without any kind of preliminary hearing, either for arbitrary, preemptive punishment or purely for the convenience of the unit's classification staff." Their placement in solitary confinement without a hearing, they alleged, violated their "due process rights." As relief, appellants sought a declaratory judgment and "injunctive relief barring the Clements unit from using solitary confinement to house offenders who are not actually assigned to solitary confinement."

---

[4] Appellants' pleadings referred to the investigation as a "sham investigation."

4

As noted, appellants' contention on appeal is that they established the trial court's jurisdiction by pleading violations of their rights under the Texas Constitution. While there is no implied private right of action for damages against governmental entities for violations of the Texas Constitution, sovereign immunity does not prohibit suits seeking equitable remedies for such violations. *City of Elsa v. M.A.L.,* 226 S.W.3d 390, 392 (Tex. 2007) (per curiam) (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144, 149 (Tex. 1995). The governmental entity retains immunity, however, from suits for injunctive relief "seeking imposition of an affirmative duty based on a past alleged actionable wrong." *City of Arlington v. Randall,* 301 S.W.3d 896, 907 (Tex. App.—Fort Worth 2009, pet. denied); *see also Board of Trs. of the Galveston Wharves v. O'Rourke,* 405 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (addressing immunity from suits to control state action); *Tex. Empl't Comm'n v. Martinez,* 545 S.W.2d 876, 877 (Tex. Civ. App.—El Paso 1976, no writ) ("Generally, it is the purpose of injunctive relief to halt wrongful acts threatened or that are in the course of accomplishment, rather than to grant relief against past actionable wrongs or to prevent the commission of wrongs not eminently threatened").

Appellants' requests for declaratory judgments[5] add nothing to the jurisdictional allegations in their causes of action over solitary confinement. The Declaratory Judgment Act is not a general waiver of sovereign immunity, and generally does not alter a trial court's jurisdiction. *Sawyer Trust*, 354 S.W.3d at 388.

---

[5] Appellants asked for judgments declaring, "Is the [Department] permitted to use solitary confinement as a non-disciplinary housing status for the convenience of housing offenders?" and "Is the [Department] permitted to house offenders in solitary confinement prior to filing disciplinary charges without some kind of preliminary hearing?"

5

We note also that appellants have not shown that they have standing to seek injunctive relief as to the Clements Unit's use of solitary confinement for other inmates. *See Abbott v. G.G.E,* 463 S.W.3d 633, 647 (Tex. App.—Austin 2015, pet. filed) (test for standing under Texas Constitution) (*citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

The trial court did not err by dismissing appellants' first and second causes of action on the Department's plea to the jurisdiction.

Causes of Action Three and Four – Disciplinary Proceedings

Appellants' third and fourth claims alleged violations of their "due process rights" during their offender disciplinary hearings.[6]  On appeal, they point to their contentions the hearing officer engaged in *ex parte* conversations with the charging officer and with the warden who initiated the investigation against them, refused to consider their commissary receipts and other documentary evidence, and denied them the ability to cross-examine the charging officer in violation of Department policy despite her presence at the time of the hearing.

Although couched in terms of declaratory relief,[7] the substance of appellants' third and fourth causes of action asked that their disciplinary proceedings be

---

[6] Despite their occasional references to due process, as we have noted appellants' contentions on appeal refer expressly to their rights under the Texas Constitution.

[7] The declaratory relief appellants sought in conjunction with their third and fourth causes of actions asked, "Is an offender entitled to rely on the plain-language definitions and rules used in [Department] policy regarding offender property to determine what is

6

"overturned and dismissed with prejudice."[8]  *See Sawyer Trust*, 354 S.W.3d at 389 ("central test for determining jurisdiction is whether the 'real substance' of the plaintiff's claims falls within the scope of a waiver of immunity from suit") (citation omitted). Appellants do not cite us to authority holding our state constitution or statutes authorize suits in Texas courts against the Department to set aside offender disciplinary proceedings, and we are aware of none.

Although they do not expressly say so, appellants may be contending their third and fourth claims seek equitable remedies for violations of our state constitution, pursuant to *City of Elsa v. M.A.L.,* 226 S.W.3d at 392, and *City of Beaumont v. Bouillion*, 896 S.W.2d at 144, 149.  As with their first and second claims, however, the Department retains its immunity from such suits. *Randall,* 301 S.W.3d at  908-09; *see Board of Trs. of the Galveston Wharves,* 405 S.W.3d at 236.

And, as with their first and second claims, appellants' request for declaratory relief does not remedy the jurisdictional failing.  *See Sawyer Trust*, 354 S.W.3d at 388.

Causes of Action Five and Six – Disposition of Property Items

By their fifth and sixth causes of action, appellants seek a judgment declaring "When an offender has contacted the unit property officer in accordance with [Department] policy, has not been allowed to select a method of disposition for confiscated property, and is still attempting to secure the return of that property, under

_____

prohibited, or are correctional officers permitted to exercise quasi-judicial discretion to define "contraband" on a case-by-case, day-by-day basis?"

[8] The only punishment appellants specifically mention in their pleadings as resulting from the disciplinary proceedings is the loss of their level 1 line class.

7

what circumstances, if any, is the [Department] permitted to make its own disposition of the property?" They also plead for "specific performance in the form of restitution" in the amounts they allege should have been paid for their items under section 501.007 of the Texas Government Code.[9] TEX. GOV'T CODE ANN. § 501.007 (West 2012) ("Inmate Claims for Lost or Damaged Property").

To establish the trial court's jurisdiction, appellants rely on article I, section 17 of the Texas Constitution, which provides, "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." TEX. CONST. art. I, § 17(a). The three distinct claims allowed by this section—taking, damaging, and destruction of property—are all commonly referred to as a "taking." *Sawyer Trust,* 354 S.W.3d at 391.

One whose property has been "taken, damaged, destroyed for, or applied to, public use without adequate compensation" may bring an inverse condemnation claim pursuant to article I, section 17 to recover compensation for loss of the property. *See McAllen Hospitals, L.P. v. Suehs,* 426 S.W.3d 304, 312 (Tex. App.—Amarillo, 2014, no pet.). To establish a taking or inverse condemnation claim, the plaintiff must show that "(1) a governmental entity intentionally performed certain acts (2) that resulted in a taking or damaging of property (3) for public use." *Id. (citing Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.,* 39 S.W.3d 591, 598 (Tex. 2001); *see also Sw. Bell. Tel., L.P. v. Harris County Toll Rd. Auth.,* 282 S.W.3d 59, 61 (Tex. 2009). Only an intentional act will give rise to liability under this constitutional provision. *Sawyer Trust,* 354 S.W.3d

---

[9] Russell asked for $482.76 and Rumpf, $350.00, plus costs, expenses and interest.

at 405. Whether a taking has occurred is a question of law. *See Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 644 (Tex. 2004); *Retzlaff v. Tex. Dep't of Criminal Justice*, 135 S.W.3d 731, 744 (Tex. App.—Houston [1ˢᵗ Dist.] 2003, no pet.).

The Department argues appellants have not plead a valid takings claim. We agree. Other Texas courts have considered, and rejected, takings claims arising from confiscation or destruction of inmate property. *See Fernandez v. T.D.C.J.,* 341 S.W.3d 6, 14 (Tex. App.—Waco 2010, pet. denied) (*citing Tex. Dep't of Crim. Justice v. Jackson*, No. 01-07-00477-CV, 2008 Tex. App. LEXIS 3943, at *13 (Tex. App.—Houston [1st Dist.] May 29, 2008, no pet.) (mem. op.)). We find persuasive the reasoning applied by the First Court of Appeals in *Jackson*, 2008 Tex. App. LEXIS 3943, at *13.[10] Jackson alleged a taking occurred when prison officials said his confiscated typewriter and box fan would be disposed of under the Department's Administrative Directive 03.72. *Id.* The appellate court held his pleadings did not allege a taking for public use and could not be construed as alleging an unconstitutional taking. *Id.* at *13-14. Appellants do not point to any other "public use."

In *Steele v. City of Houston*, 603 S.W.2d 786 (Tex. 1980), the Texas Supreme Court observed that "the prohibition against uncompensated takings 'was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" *Id.* at 789 (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960)). No reason appears why the public

---

[10] The court subsequently withdrew its opinion but explicitly stated in its opinion that its "disposition and judgment remain unchanged." *Jackson v. Tex. Dep't of Criminal Justice,* No. 01-10-00598-CV, 2012 Tex. App. LEXIS 9234 (Tex. App.—Houston [1ˢᵗ Dist.] Oct. 25, 2012, pet. denied) (mem. op.).

as a whole should bear the burden of reimbursing items of personal property held in violation of prison regulations. *Cf. City of Dallas v. Stewart*, 361 S.W.3d 562, 569 (Tex. 2012) (government commits no taking when it abates a public nuisance).

Sovereign immunity does not preclude a claim alleging that the State deprived the plaintiff of property without due process of law. *Bohannan v. Tex. Bd. of Criminal Justice*, 942 S.W.2d 113, 118 (Tex. App.—Austin 1997, writ denied) (collecting cases). With respect to a due course of law claim under article I, section 19 of the Texas Constitution, it is well established that acts by officials of a state prison that result in loss of property do not present constitutional violations as long as the prisoners have an adequate post-deprivation remedy. *Hudson v. Palmer,* 468 U.S. 517, 533-35, 104 S. Ct. 3194, 3204-05, 82 L. Ed. 2d 393 (1984); *see also Aguilar v. Chastain,* 923 S.W.2d 740, 743-44 (Tex. App.—Tyler 1996, writ denied) (holding no due process violation alleged). It is immaterial whether the official's acts are negligent or intentional. *Hudson,* 468 U.S. at 533; *Aguilar,* 923 S.W.2d at 743-44. The Government Code provides such a remedy. *Aguilar,* 923 S.W.2d at 744; *see* TEX. GOV'T CODE ANN. §§ 501.007, 501.008 (West 2012) (authorizing maximum payment of $500 as remedy for inmate's lost or damaged property and outlining specific "inmate grievance" procedures to be completed to exhaust administrative remedies). The maximum $500 remedy afforded by section 501.007 is "the exclusive administrative remedy available to an inmate for a claim for relief" against the Department "that arises while the inmate is housed" by the Department "other than a remedy provided by writ of habeas corpus." TEX. GOV'T CODE ANN. §§ 501.007-.008.

Appellants contend that, for different reasons, they were not compensated under the Government Code provision. That the administrative remedy did not lead to compensation in their individual cases, however, does not lessen its adequacy as a post-deprivation remedy. *See Hammonds v. Camp*, No. 07-03-0496-CV, 2004 Tex. App. LEXIS 3293, at *3 (Tex. App.—Amarillo Apr. 12, 2004, no pet.) (mem. op.) (*citing Aguilar*, 923 S.W.2d at 743).

We resolve appellants' second issue against them.

Opportunity to Amend Pleadings

In their third issue, appellants contend the trial court erred by denying them the opportunity to amend their pleadings to cure the jurisdictional defects.

A failure to allege sufficient facts to demonstrate jurisdiction does not necessarily authorize immediate dismissal. *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 753 (Tex. App.—Austin 1998, no pet.). When a plaintiff fails to plead facts that establish jurisdiction but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Miranda,* 133 S.W.3d at 223 (*citing County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002)). *See also Tex. A&M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex. 2007) (a pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda,* 133 S.W.3d at 223. Additionally, if a party has re-pleaded in an attempt to

11

cure disputed jurisdictional issues and if a court can ascertain the nature and issues of the controversy and the evidence that probably would be relevant, that party is not entitled to an opportunity to re-plead. *Id.* at 394 (*citing* TEX. R. CIV. P. 47).

In this case, appellants first plead their claims against the Department under the authority of the Texas Tort Claims Act[11] and the Administrative Procedure Act.[12] The trial court sustained the Department's plea to the jurisdiction as to those pleadings but allowed appellants the opportunity to amend. The result was the pleadings currently under review, alleging claims for the same injuries under the Uniform Declaratory Judgment Act[13] and sections 17 and 19 of article 1 of the Constitution.[14] Appellants responded to the Department's second plea to the jurisdiction but did not amend their petition further. From their two efforts at pleading their claims against the Department, and from their response to the Department's second plea to the jurisdiction, we find the record shows the trial court well ascertained the nature and issues in controversy and the evidence likely to be relevant. The trial court's dismissal order states the court's conclusion that appellants' pleadings affirmatively negate the existence of jurisdiction over their claims against the Department. We agree, and find the trial court did not err by denying appellants a further opportunity to amend their petition. *See, e.g., Harris*

---

[11] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109 (West 2014).

[12] *See* TEX. GOV'T CODE ANN. §§ 2001.001-.902 (West 2014).

[13] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (West 2014).

[14] U.S. CONST. art. 1, §§ 17, 19.

*County v. Sykes,* 136 S.W.3d 635, 640-41 (Tex. 2004). We resolve appellants' final issue against them.[15]

Conclusion

Having overruled each of appellants' issues on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice

---

[15] By their first issue appellants point out that on the same day the trial court dismissed the case under the Department's plea to the jurisdiction, it signed an order granting the motion to dismiss the Department had filed under Rule 91a of the Texas Rules of Civil Procedure, and dismissing appellants' causes of action for that reason as well. Because we find subject-matter jurisdiction was lacking, we have no need to consider the propriety of the trial court's dismissal under Rule 91a. TEX. R. APP. P. 47.1.